On October 30,1975 the court issued the following order:
Before Davis, Judge, Presiding, Nichoes and KuNzig, Judges.
“These cases come before the court on plaintiff’s motion, filed December 18, 1974, and defendant’s cross-motion, filed April 2,1975, for summary judgment, having been submitted on the briefs and oral argument of counsel.
“In No. 174-74 the Board of Contract Appeals cannot be faulted for refusing to interpret the contract as forbidding the Government from designating for disposal (of excess excavated material) a spoil area on Government land two miles distant from the excavation and from the area characterized on the Site Plan as “limits of the contract.” The text of the particular clause on excess material did not so pre *1047 scribe. Particularly in the light of the Board’s well supported finding as to plaintiff’s pre-contract knowledge of the type of soil to be excavated, it was not reasonable to draw from the contract, as a whole, the requirement that all the excess material had to be deposited within the “limits of the contract” — a small and crowded area immediately adjacent to the Academic Building of the TJ.S. Army Logistic Management Center. At the very best for plaintiff the contract documents created a patent ambiguity calling for inquiry by the plaintiff before undertaking the work. Space Corp. v. United States, 200 Ct. Cl. 1, 5, 470 F. 2d 536, 539 (1972).
“In No. 171-74 the Board was correct in holding that the claim was barred by collateral estoppel. Though the first demand was under the Changes article, the Board properly found, in the course of deciding that case, that the contractor had met no condition that was unexpected, or other than as represented. This factual finding wholly precluded the claim later separately filed under the Changed Conditions clause.
“it is therefore concluded AND ordered that plaintiff is not entitled to recover and plaintiff’s motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted and plaintiff’s petitions are dismissed.”
On January 30, 1976 plaintiff’s motion for rehearing and further relief was denied, and defendant’s motion to strike all evidence not considered by the Armed Services Board of Contract Appeals was denied as unnecessary in view of denial of plaintiff’s said motion.